# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| ERIC SANDERS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO.: 3:15-CV-578-TLS |
|  | ) |  |
| SHARON GREY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

The Plaintiff, a pro se prisoner, filed a complaint alleging that the Defendant, an officer with the Indiana Department of Corrections, failed to protect him from being attacked by another prisoner on September 11, 2015. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, a court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In his Complaint, the Plaintiff alleges that he and his attacker were both housed in an Administrative Segregation Unit. He alleges that the Defendant failed to secure the door to his attacker's cell after escorting the attacker back from the shower. An hour or so later, the Defendant let the Plaintiff out of his cell. While walking with him to the shower, the Defendant stopped to talk to another inmate, but the Plaintiff continued down the hallway. It was then that the Plaintiff was attacked.

"In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). When an inmate is attacked by another inmate, a constitutional violation is committed only "if deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

> [Because p]risons are dangerous places . . . some level of brutality . . . is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards [for liability in this area].

*McGill v. Duckworth*, 944 F.2d 344, 345, 348 (7th Cir. 1991), *abrogated on other grounds by Haley*, 86 F.3d at 640. Consequently, even general requests for help and expressions of fear are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the [first attack he suffered] was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Id.* (footnote omitted).

Here, despite the Plaintiff's allegation that the Defendant violated prison policies, his complaint does not plausibly allege that the Defendant was deliberately indifferent. Specifically, the Plaintiff does not allege that he expressed any concerns prior to the attack; nor does he allege—or provide a factual basis indicating—that the Defendant had any idea that there was a specific risk that he might be attacked.

Nevertheless, because the Court cannot say that it would be futile for the Plaintiff to file an amended complaint, he will be granted the opportunity to do so. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If the Plaintiff chooses to file an amended complaint, he must allege facts from which it can be plausibly inferred that the Defendant had actual knowledge of an impending attack or otherwise "condone[d] the attack" by acting with deliberate indifference. *Haley*, 86 F.3d at 640.

For these reasons, the Court:

(1) **DIRECTS** the Clerk of the Court to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to the Plaintiff;

(2) **GRANTS** the Plaintiff until January 15, 2016, to file an amended complaint; and

(3) **CAUTIONS** the Plaintiff that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint fails to state a claim.

SO ORDERED on December 17, 2015.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

3