UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ERIC SANDERS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO.: 3:15-CV-578-TLS |
| SHARON GREY, | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

On December 7, 2015, the Plaintiff, a pro se prisoner, filed a Complaint under 42 U.S.C. § 1983, alleging that the Defendant failed to protect him from being attacked by another prisoner on September 11, 2015. Pursuant to 28 U.S.C. § 1915A, the Court issued an Opinion and Order [ECF No. 5] on December 17, 2015, finding that the Plaintiff failed to state a claim, while granting the Plaintiff until January 15, 2016, to file an amended complaint. This matter is now before the Court on the Plaintiff's Amended Complaint [ECF No. 7], filed on January 4, 2016.[1]

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, a court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] On the same day, the Plaintiff, pursuant to Federal Rule of Civil Procedure 59(e), filed a Motion to Reconsider [ECF No. 6] the Court's Opinion and Order [ECF No. 5].

"In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). When an inmate is attacked by another inmate, a constitutional violation is committed only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, merely having general knowledge about the dangers of prison life is insufficient.

> [Because p]risons are dangerous places . . . some level of brutality . . . is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards [for liability in this area].

*McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991), *abrogated on other grounds by Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Consequently, even general requests for help and expressions of fear are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Here, in his Amended Complaint, the Plaintiff alleges that the Defendant had more than mere general knowledge about the dangers of prison life. He alleges that he and his attacker were both housed in an Administrative Segregation Unit, and that the Defendant knew that inmates in the unit must be separated because they pose an immediate threat to one another. The Plaintiff alleges that he saw the Defendant talking to the "attacker [who] asked her to leave his cell door

2

unlocked." (Pl.'s Am. Compl. 9.) He also alleges that the Defendant condoned the attack when she "consciously left [the attacker's] cell door unlocked (DW-113) after escorting him back to his cell after showering." (*Id.* at 3.) Although the Plaintiff does not allege that the Defendant had knowledge as to who the unsecured inmate intended to target, he does allege that she drew the inference and understood that leaving the door unlocked created a substantial risk of harm. Unlike the original complaint—which contained no allegations that the Defendant acted with awareness (general or specific) of the risk posed to the Plaintiff—the Amended Complaint contains allegations that the Defendant acted deliberately by allowing the attacker to leave his cell, and had knowledge that doing so created a substantial risk of harm to the Plaintiff. Therefore, under the liberal pleading standards of § 1915A, the Amended Complaint states a plausible claim for relief.

For these reasons, the Court:

(1) **DENIES AS MOOT** the Plaintiff's Motion to Reconsider [ECF No. 6];

(2) **GRANTS** the Plaintiff leave to proceed against the Defendant in her individual capacity for compensatory and punitive damages under 42 U.S.C. § 1983 for failing to protect him in violation of the Eighth Amendment by deliberately allowing an inmate in cell DW-113 to leave his segregation cell with knowledge that doing so created a substantial risk of harm to the Plaintiff;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the Clerk of the Court to transmit the summons and USM-285 for the Defendant to the United States Marshals Service, along with a copy of the Amended Complaint (ECF No. 7) and this Order;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on the Defendant; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that the Defendant respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 11, 2016.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION